BENJAMIN F. MOORE, RESPONDENT, v. BOROUGH OF PITMAN, APPELLANT.

Submitted October 30, 1931—Decided May 16, 1932.

For the appellant, *Morton C. Haight* and *George B. Marshall.*

For the respondent, *Willis Tullis Porch.*

The opinion of the court was delivered by

KAYS, J.  This is an appeal from a judgment rendered in the New Jersey Supreme Court in favor of the plaintiff and against the defendant who appeals here.  An action was brought by Benjamin F. Moore to recover from the borough of Pitman wages alleged to have been earned by him for services rendered in the office of the borough clerk of said borough covering a period from January 1st, 1929, to July 1st, 1930, after deducting moneys paid on account of said services.  The uncontradicted proofs showed that Moore was employed by the borough in the borough clerk's office during the year 1929 and was compensated at the rate of $25 per week for the work performed by him up to January 1st following.  On January 1st an attempt was made on the part of certain of the municipal officers to discharge Moore.  Whether that action was valid and constituted a legal discharge of Moore was a disputed question of fact which was submitted to the jury.  Moore, after his attempted discharge, continued to do the work which he had theretofore performed in the office, and as claimed by him, continued this until June 23d, 1930.  The jury rendered a verdict awarding Moore $625 for services rendered.  From this judgment entered thereon the borough has appealed here.

Appellant sets up twenty-two grounds of appeal. Five of these deal with the admission of the evidence. One with the refusal of the court to nonsuit, one with the refusal of the court to direct a verdict and the others with the refusal of the court to charge certain requests of counsel.

The trial court in his charge to the jury said in effect that if the jury should find the attempted discharge of the plaintiff was invalid and he had continued in the service of the borough until the time claimed by him or until some earlier date, he was entitled to compensation for such services.

The first contention of appellant is that the court erroneously permitted the plaintiff to answer a question on his direct examination as to whether he was able to obtain another job, to which the plaintiff answered "no." We see nothing objectionable to this question. If the plaintiff had obtained another job after he had been, as the jury found, illegally removed from his employment and had left his position with the borough, the borough would have been entitled to a credit against his claim for the amount which he earned in such other job. However, assuming that appellant was right and that the question was irrelevant, the fact that plaintiff did not leave the employ of the borough until the date which the jury found he did leave, made the question and answer harmless to the defendant because the plaintiff did continue to work for the borough for the period which the jury found and was entitled to reasonable compensation for his service. It is also contended that the court permitted one of the municipal officers, named Mayhew, to state whether the budget contained items providing a salary for the plaintiff. Appellant insists that this question was illegal as was also the answer. Our examination of the state of the case, however, shows that this question was not answered and that when it was objected to by appellant's counsel the question was modified to meet that objection and that no objection was made to the question after modification. The objections to evidence as above stated constitute the main argument of counsel for a reversal. The other questions objected to, in our opinion, were harmless to the defendant.

It is next urged by the appellant that the trial court erred in refusing to grant a nonsuit or to direct a verdict in favor of the defendant. We think the court properly ruled on these questions. It was undisputed that the plaintff continued to render services for the borough until sometime in June, 1930, and as to whether or not his discharge was legal was a question for the jury to decide and there was sufficient evidence in the case to warrant the jury in finding that the services were rendered as above set forth, and that the discharge was illegal.

The requests to charge which the court refused, dealt with the question as to whether or not the plaintiff was a *de jure* or a *de facto* employe. As we have stated before this was a question for the jury to determine and the judge's charge was sufficient in this respect. The other requests dealt with this same question and practically called for a direction of a verdict which, as we have said before, was properly refused by the trial court. Other requests were in effect the same, that is, the services rendered by the plaintiff were not properly authorized and compensation therefor could not be recovered. We think this point was also covered by the court's charge and properly presented to the jury as a question of fact. The court said in effect that if the jury found the plaintiff was not legally discharged and that he did render services to the borough, he would be entitled to compensation for such services. These questions of facts we think the court properly left to the jury.

The judgment under review is therefore affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 14.

*For reversal*—None.